THEODORE DE WITT et ux., appellants,

*v.*

SARAH C. BUCKLEY, respondent.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose conclusions were as follows:

I shall not write an opinion in this case, but simply state my conclusions:

1. The written contract entitled the complainant to a conveyance of the homestead farm as it was devised.

2. There is no difficulty in ascertaining the dividing line between the two farms as the testator intended to establish it. First, let the line of the Decker farm, as fixed by the deed of 1836, be ascertained, and then let the addition be made to the homestead farm from the Decker farm, which the testator directs, and when that is done, the dividing line between the two farms, as the testator located it, is established. The deed of 1836 not only furnishes the most reliable evidence of the dividing line between the farms, but, as the case now stands, it furnishes the only evidence on that subject which can be considered at all trustworthy.

3. It is undisputed that the parties made a contract to divide the farms by a straight line. The dispute is as to the terms of the contract. The complainant says the line was to be so run as to give each party the same amount of land, in quantity and quality, as he or she was entitled to under the written contract, while the defendant says the line was to be straightened, regardless of its effects upon the rights of parties under the written contract, in increasing or diminishing the quantity of land to which they were entitled, and that after the line by which the farm was conveyed to the complainant was located by him, its location, with the monuments on it, was fully explained to the complainant, and after being fully informed where it ran she

De Witt *v.* Buckley.

assented to it. The preponderance of the evidence *is*, in my judgment, decidedly against the defendant on both points. In the first place, I think it is highly improbable that any person possessing selfishness enough to appreciate his rights, and clearly understanding what he was doing, would make a contract of the character set up by the defendant. It was, in substance, a license to the defendant to locate the line wherever his interest or his greed might dictate; and in the second place, the decided weight of the evidence is in favor of a contract requiring the new line to be so located as to effect a fair and just division of the lands between the parties. Reciprocity and equality are the distinguishing characteristics of the written contract. The evidence on the part of the defendant is extremely vague and unsatisfactory; neither the defendant nor his chief witness seems to have anything like a clear, strong and certain recollection of what was said on any of the occasions when it is said the terms of the contract were under discussion. There is no evidence whatever, that the defendant, after the line was located by him, ever explained its location to the complainant, so that she understood, if she consented to it, she would surrender to him five acres or more of the land she was entitled to under the written contract. It is an undisputed fact in the case that his division was made without the slightest attempt to ascertain the location of the line between the farms, as established by the testator. He seems to have made it arbitrarily, and put it where he wanted it, without regard to the complainant's rights. The deed was read to the complainant before the contract was executed, but a simple reading of the description of the land to be conveyed, without explanation or comment, gave her no information whatever. When the relation of the parties is considered, and it is seen that, all through the transaction under consideration, the complainant dealt with the defendant under the belief that she might safely repose the utmost confidence in his integrity and sense of justice, the fact that the defendant simply permitted the deed to be read, without pointing out to the complainant that she was giving him a great deal more than she was receiving in return, I think must be regarded as furnishing very cogent evidence that the defend-

ant was entirely willing that she should accept his deed without understanding, fully, what she was yielding.

4. The complainant is entitled to a decree requiring the line between the farms to be located in conformity to the contract— that is to say, that a new line, as nearly straight as is practicable under the circumstances, shall be established, and that it shall be so located as to give each party, as near as may be, the same amount of land, in quantity and quality, as they were entitled to under the written contract. If the parties cannot agree upon the line, the court will appoint a surveyor to locate it.

The complainant is entitled to costs.

*Mr. Frederick W. Stevens,* for appellants.

*Mr. Lewis Cochran* and *Mr. Lewis J. Martin,* for respondent.

Per Curiam.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet.